UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


LEO HAWKINS AND MICHELLE HAWKINS                              PLAINTIFFS/
                                                      COUNTER-DEFENDANTS

V.                                         CIVIL ACTION NO. 1:08cv579-LTS-RHW

AMERICAN SECURITY INSURANCE COMPANY                           DEFENDANT/
                                                       COUNTER-PLAINTIFF

## ORDER

Defendant American Insurance Company (American) has filed a [11] Motion to Compel Arbitration. Proceedings in this cause of action have been stayed [17] pending a ruling on American's motion. The instant order disposes of that motion.

The circumstances surrounding American's request to compel arbitration are somewhat unusual because American's insurance policy does not contain an arbitration provision. Rather, that agreement to arbitrate, signed by both Plaintiffs, is part of the closing documents of their mortgage loan on the property that was subsequently destroyed by Hurricane Katrina. In addition, American's insurance policy was not issued directly to Plaintiffs, but to Ocwen Loan Servicing, LLC, the servicing agent for Wells Fargo Bank, the assignee of Delta Funding Corporation, the original lender. Plaintiff Leo Hawkins was listed on the policy as an additional insured. The issuance of this policy to Ocwen arose from a provision in the mortgage documents that required Plaintiffs to maintain hazard insurance on their property, and, when they failed to do so, the lender was allowed to obtain hazard insurance in order to protect its interest in the secured property. Because of Plaintiffs' failure to obtain property insurance, Ocwen procured a lender-placed policy from American.

There seems to be little dispute about the basic law applicable to the underlying arbitration agreement. It is for the Court to determine whether the parties agreed to arbitrate, and the two factors usually considered are whether the parties must arbitrate the dispute in question (which takes into account whether there is a valid agreement to arbitrate between the parties and whether the dispute falls within the scope of that arbitration agreement); and whether there are any legal constraints external to the parties' agreement which forecloses arbitration of these claims.

American raised the issue of arbitration in the [1] Notice of Removal, as well as in its [2] Answer to the Complaint. American also correctly points out that this Court has already found the agreement to arbitrate valid and binding as between Plaintiffs and their mortgagee(s). *See*

*Hawkins v. Wells Fargo Bank, et al.*, No. 1:07cv399 (docket entry [39]).  The issue in the instant case is whether the arbitration agreement executed by Plaintiffs in favor of their mortgage company(ies) extends to those asserted against American, which in essence is the hazard insurer for those very mortgagees.

The Court agrees with American's position stated in its [13] supporting memorandum (at pp. 8-9) as follows:

> The terms of the Arbitration Agreement signed by the Plaintiffs are broad. A "claim" is defined as "any claim, dispute or controversy between you and us . . . arising from or relating to the Credit Transaction or the relationships resulting from the Credit Transaction . . . ."  Furthermore, the Arbitration Agreement specifically provides that "a dispute between you and us will be deemed a "Claim" and be covered by this Agreement if it relates to . . . any insurance service or product offered or made available by us in connection with the Credit Transaction."
>
> Plaintiffs' claims clearly fall under this language.  First, the relationship between the Plaintiffs and [American] is a "relationship[] resulting from the Credit Transaction," which is required to be arbitrated.  This is not a circumstance where the Plaintiffs independently obtained insurance from another insurance company, but, rather, insurance was issued to protect the lender's interest in the property because the Plaintiffs failed to maintain hazard insurance. [American] issued the insurance policy with Ocwen pursuant to the terms of the Deed of Trust, and Ocwen was listed as the named insured and Leo Hawkins was only listed as an additional insured.  Therefore, but for the mortgage loan agreement and obligations under the agreement, the Plaintiffs would never have had a relationship with [American]. . . .
>
> Second, the Plaintiffs' claims against [American] "aris[e] from or relat[e] to the Credit Transaction" itself and directly implicates [sic] the terms of the Deed of Trust.  The mortgage loan created a security interest in the Plaintiffs' property and the Deed of Trust gave the lender the right to obtain insurance to protect its interest if Plaintiffs failed to maintain coverage.  Because the Plaintiffs failed to do so, [American] issued coverage to Ocwen, and Plaintiffs now seek additional benefits under the [American] policy.  Plaintiffs' claim is that essentially that additional coverage should have been obtained by Ocwen to protect Plaintiffs' interest in the property.  The second cause of action in the Complaint alleges the following claim: "Defendant's Agents had a duty to the Plaintiff[s] in the following particulars: procure for Plaintiff[s] insurance that covered their properties for damages caused by hurricanes . . ."[sic]  This claim directly implicates the terms of the mortgage loan and whether Ocwen complied with those terms when it obtained insurance coverage.

> Third, the Arbitration Agreement specifically provides that a "claim" includes a dispute regarding "any insurance service or product offered or made available by us in connection with the Credit Transaction." In this case, the insurance coverage was obtained from [American] by Ocwen under the terms of the Deed of Trust and coverage was only made available to the Plaintiffs in connection with the mortgage loan. Accordingly, these claims fall under the scope of the Arbitration Agreement and should be arbitrated.

*See also* [16] reply memorandum at pp. 3-4.

The Court additionally notes that the agreement contains a provision giving the term "Claim" the broadest possible meaning and includes as an example any claim, dispute, or controversy relating to state insurance laws. *See, e.g., Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524 (5th Cir. 2000) (arbitration agreement given effect in action by signatories against non-signatories to underlying contract based on action being intertwined with, and dependent on, that contract).

American's role as a non-signatory to the loan document containing the arbitration agreement also does not prevent it from invoking its protections. The loan papers incorporate directly third parties providing a product or service in connection with the transaction, and indirectly by providing for the procurement of the insurance policy subsequently issued by American, which now faces claims derived from the note. *Cf. Sherer v. Green Tree Servicing, LLC*, 548 F.3d 379, 382 (5th Cir. 2008) ("Based on the Loan Agreement's language, [Plaintiff] has validly agreed to arbitrate with a nonsignatory, such as the loan servicer [Defendant], and the language is sufficiently broad to permit [Defendant] to compel arbitration."). The lender-placed policy in the instant case is no different as applied to American.

Plaintiffs have failed to establish that the arbitration agreement that is part of their loan documents does not apply to their cause of action against American. The conclusory allegations in Plaintiffs' [12] response to American's motion are not supported by the evidence in the record. Under the particular circumstances presented, American's motion is well taken.

Although American's [11] motion seeks alternative relief in the form of dismissal or a stay, the legal authority cited in its [13] brief is limited to a stay pending the arbitration. The Court will follow its own path, instead.

Accordingly, **IT IS ORDERED**:

American's [11] Motion to Compel Arbitration is **GRANTED**;

In light of the submission of this case to arbitration, the Court finds that although this case is not dismissed or otherwise disposed of, there is no further reason to maintain the case as an open one for statistical purposes. Should further proceedings in this Court become necessary or desirable following arbitration, any party may move to reopen the case. The parties are

directed to contact the Court and provide any appropriate Orders of Dismissal within five (5) days of the arbitration decision or any other final disposition of the case.

**SO ORDERED** this the 23rd day of February, 2009.

                                            s/ L. T. Senter, Jr.
                                            L. T. SENTER, JR.
                                            SENIOR JUDGE